ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
TYLER MURRAY, Assistant United States Attorney (#10308)
AHMED ALMUDALLAL, Trial Attorney (NY# 5090832)
CHRISTOPHER LIN, Trial Attorney (NY# 5028618)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>DERALD WILFORD GEDDES,<br><br>               Defendant. | Case No.: 1:15-CR-00093<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS, ECF No. 50<br><br>Judge Tena Campbell |

      The United States of America, by and through its undersigned counsel, respectfully responds to Defendant's motions. ECF Nos. 50 through 50-4. The defendant moves this Court to grant his motions a) to inspect the grand jury minutes and dismiss the indictment because the evidence submitted to the grand jury was insufficient, b) to suppress the defendant's unnoticed statements, c) to suppress certain documents provided by S.G. to the government, d) to exclude identification testimony of the defendant as a person subject to the laws of the Internal Revenue Code and to exclude unnoticed identification testimony, e) for notice of Federal Rule of Evidence 404b evidence, f) to compel disclosure of *Brady* materials, g) for a bill of particulars, and h) to hold a hearing if the Court is inclined to deny any of these motions. For the reasons below, Defendant's motions should be denied without a hearing.

1

## BACKGROUND

In December 2015, a federal grand jury in this District charged Derald Wilford Geddes (hereinafter "Defendant" or "Geddes") with Corrupt Endeavor to Obstruct the Due Administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a), Tax Evasion, in violation of 26 U.S.C. § 7201, and three counts of Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1). ECF No. 1. In 2019, Geddes was apprehended in the Republic of Colombia and was returned to the United States and the District of Utah. On April 1, 2020, he made his initial appearance before the Honorable Paul Warner. ECF No. 15.

On June 24, 2021, the Honorable Jared Bennett held a *Faretta* hearing to determine whether, per the Defendant's motion (ECF No. 36), he could represent himself *pro se*. ECF No. 42. Judge Bennett granted the motion. *Id*.

On August 2, 2021, Geddes filed five documents under ECF No. 50: a Notice of Motion for Pretrial Hearing (Def's Mot., ECF No. 50); Attachments A and B (Mot. Att., ECF No. 50-1); an Affirmation in Support of Omnibus Pretrial Motion (Aff. in Supp., ECF No. 50-2); an Affidavit of Domicile, Citizenship and Tax Status (Aff. of Domicile, ECF No. 50-3); and a Certificate of Service (Cert. of Service, ECF No. 50-4). ECF No. 50 was docketed on August 6, 2021.

On August 12, 2021, Judge Bennett recused himself from further proceedings in this case. ECF No. 55. On August 19, 2021, this Court held a second supplemental *Faretta* hearing. ECF No. 61. During this hearing, this Court ordered the government to file a response to Defendant's motions by August 26, 2021. *Id*.

The discovery in this case is extensive. To date, the government has provided Defendant and/or prior counsel seven batches of discovery containing more than 35,000 pages of documents. On April 29, 2020, within the second batch of discovery, the government provided Defendant with transcripts of four of the five civilian witnesses who testified in the grand jury and many of the grand jury exhibits. ECF No. 28, bates US-009369 to US-010014. This material was turned over to the defendant, in part, to satisfy the government's *Jencks* obligations. On August 11, 2020, the government provided Defendant with the transcript of the fifth civilian witness. ECF No. 53, bates US-035130 to US-035146. The undersigned is informed that only one other witness, an IRS special

agent, testified in the grand jury.

A hearing on this matter is scheduled for September 3, 2021.

## DISCUSSION

### I.     Motion to Inspect the Grand Jury Minutes

Geddes asks this Court to inspect the grand jury minutes and to allow him to do so as well. Def.'s Mot., ¶ 1. As noted, except for the law enforcement witness, all grand jury testimony has been turned over. Defendant's request, therefore, only pertains to that one law enforcement witness. During the August 19, 2021 hearing, this Court ordered the government to provide Defendant with this final transcript once it is obtained by the government. The government ordered the transcript and it will provide it to Defendant when it becomes available. Therefore, this request is moot.

### II.    Motion to Dismiss the Indictment Based on the Sufficiency of the Grand Jury Evidence

Defendant further asks this Court inspect the grand jury minutes and dismiss the indictment because the evidence before it was insufficient or flawed. Def.'s Mot., ¶¶ 1-2; Mot. Att., ¶ 6.

A "grand jury's determination [of probable cause] is conclusive." *Kaley v. United States*, 571 U.S. 320, 331 (2014) (calling this rule a "longstanding, unvarying rule of criminal procedure"). In *Kaley*, the Supreme Court held that a grand jury's determination of probable cause that property is forfeitable is not subject to a hearing to determine the sufficiency of that finding. *Id*. at 322. The Court reasoned that there is "no 'authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof.'" *Id*. at 328, *quoting Costello v. United States*, 350 U.S. 359, 362-63 (1956). "The grand jury gets to say – without review, oversight, or second-guessing – whether probable cause exists to think that a person committed a crime." *Kaley*, 571 U.S. at 328.

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, that question does not involve any examination of the evidence." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). Only if "the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts" can this Court consider

defendant's pretrial motion to dismiss. *Id*.

Geddes asks this Court to do what the Supreme Court has said it cannot: second-guess the evidence before the grand jury and its finding of probable cause, in addition to allowing him to "present [a] legal argument on the sufficiency of the evidence." Affirm. in Supp. of Mot., ¶ 7. The rule is clear; Geddes cannot challenge the indictment based on sufficiency of the evidence presented to the grand jury, nor can he ask this Court to do so.

Geddes does not allege that the facts contained within the four corners of the indictment are insufficient to make out the charged crimes. Nor could he do so persuasively. Accordingly, this Court should deny Geddes' motion to dismiss the indictment.

### III.  Motion to Suppress Unnoticed Statements

The defendant moves to suppress all unnoticed statements he has made. This case is the product of an investigation beginning in the early 2000s. During the investigation, Defendant has spoken to and corresponded with members of the Internal Revenue Service (IRS) revenue agents, revenue officers, and IRS Criminal Investigation special agents. In addition, he sent voluminous records to the IRS. The IRS investigators also spoke to civilian witnesses, some of which relayed statements made to them by the defendant. Records of all these statements made by the defendant were provided to him either verbatim or in substance during discovery. The government does not intend on introducing statements made by the defendant outside of those provided to him in discovery.

Accordingly, Defendant's motion to suppress unnoticed statements should be denied as moot.

### IV.  Motion to suppress certain documents provided by S.G. to the government

Defendant alleges that documents S.G, Defendant's ex-wife, provided to the government were somehow obtained in violation of his Fourth Amendment rights. Def's Mot., ¶ 4. Defendant supports his argument by stating that S.G. stole them from their shared home in April 17, 2013 and on January 16, 2014 provided them to the IRS. Aff. in Supp., ¶¶ 8-19; Mot. Att. B(1) and B(2). In addition, Defendant alleges that the FBI entered his office and obtained an unknown amount of privileged patients' medical information. *Id*. ¶ 22.

4

As an initial matter, it is unclear that S.G. did not have the authority to take the items or whether the documents given to the IRS were, in fact, part of the items S.G. took in April 2013. S.G. may have been well within her right to take them from the home that she and Defendant previously shared. In such a circumstance, Defendant would lack the foundation to complain about S.G.'s provision of the documents to the IRS. But the Court need not consider whether the items were wrongfully taken to deny Defendant's relief because Defendant cannot show that S.G. was a state actor at the time she took them.

Unreasonable searches by a private citizen violate a person's Fourth Amendment rights only if the private citizen was a "government actor[]." *United States v. Souza*, 223 F.3d 1197, 1201 (10th Cir. 2000). "[T]he Fourth Amendment does not apply to searches by private parties absent governmental involvement in the search." *Id*. The *Souza* Court elaborated:

> A search by a private person becomes a government search if the government coerces, dominates, or directs the actions of a private person conducting the search.... In determining whether a search by a private person becomes a government search, the following two part inquiry is utilized: 1) whether the government knew of and acquiesced in the intrusive conduct, and 2) whether the party performing the search intended to assist law enforcement efforts or to further his own ends. Both prongs must by satisfied before the private search may be deemed a government search.

*Id*. (internal citations and quotation marks omitted). Defendant fails both prongs.

Defendant proffers no evidence the government knew in April 2013 that S.G. was going to take the items. To the contrary, Defendant told police he believed it was S.G. and her father who orchestrated a rouse to take the items when he was not there in relation to their pending divorce proceedings. Aff. in Supp., ¶ 13. That it then took approximately eight months for S.G. to get these documents to the IRS is further indication that the IRS did not know about S.G.'s actions. Moreover, the government spoke to Special Agent Benjamin Wright who informed the government that he did not believe any member of the IRS knew S.G. was planning to take anything. There is simply no evidence that the IRS knew S.G. intended to take anything from the home.

Defendant's affirmation is also void of evidence that S.G. "intended to assist law enforcement" when she took the items. As noted above, it took approximately eight months from the

time Defendant says the documents were taken to the time S.G. gave them to the IRS. This delay corroborates the fact that S.G. had no intention of assisting the IRS at the time she is alleged to have taken them. Further, Defendant does not allege that S.G. knew the IRS was investigating him. It is not possible for a person to intend to assist an investigation they know nothing about. S.G. Defendant has failed to show the second required prong is satisfied.

All documents S.G. provided to the government have been given to Defendant in discovery.

The government has no information about Defendant's allegation that the FBI searched his business. IRS is unaware of an entry into Defendant's business at any point by the IRS or by any other Federal agency in relation to any criminal investigation. Regardless, Defendant does not allege that the government obtained any information from this supposed search that will be used against him at trial either directly or indirectly. Therefore, the government is unsure of what Defendant is requesting by raising this issue.

**V.     Motion to exclude testimony identifying the defendant as a person subject to the laws of the Internal Revenue Code**

In his next argument, the defendant asks this Court to suppress "any testimony by a witness identifying the DEFENDANT as a person, without first defining 'person'…." Def's Mot., ¶ 6. Defendant elaborates in his Affirmation that "proper identification of the DEFENDANT, and injured third party, is paramount in the adjudication of this case … to determine [in part] … whether this Court has personal and subject matter jurisdiction." Aff. in Supp., ¶ 32. Defendant further contends that he is not subject to this Court's jurisdiction or the laws of the Internal Revenue Code (IRC) in his Affidavit of Domicile, Citizenship and Tax Status. Aff. of Domicile, ECF No. 50-3. Although labeled as a motion to suppress identification evidence, the government believes the defendant is arguing that this Court lacks personal and subject matter jurisdiction. Geddes, therefore, wants a ruling affirming his sovereign citizenship, finding that he is not subject to the jurisdiction of this Court or the laws of the United States. In the alternative, he would like to preclude any testimony from government witnesses that he is individual mentioned in IRS documents or subject to the IRC. These arguments are typical sovereign citizen tax defier arguments that are uniformly rejected by

district courts as frivolous, "silly claims." *United States v. Koliboski*, 732 F.2d 1328, 1329 (7th Cir.1984).

Section 3231 of Title 18 of the United States Code explicitly vests federal district courts with jurisdiction over all federal crimes. That section provides, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Congress is empowered by Article I, Section 8 of the Constitution to create, define, and punish crimes irrespective of where they are committed. *United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798). A federal grand jury has charged the defendant with offenses in violation of the laws of the United States and, as such, this Court has jurisdiction over those offenses.

In *United States v. Lussier*, 929 F.2d 25 (1st Cir. 1991), a tax protester case in which the defendant claimed the District Court lacked both subject matter and personal jurisdiction, the Circuit Court succinctly dispatched the defendant's claim stating:

> Many courts have rejected this "silly claim." *Koliboski*, 732 F.2d at 1329 and cases cited therein. We join them. It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained. *United States v. Stuart*, 689 F.2d 759, 762 (8th Cir.1982); *United States v. Warren*, 610 F.2d 680, 684 n. 8 (9th Cir.1980). 18 U.S.C. § 3231, moreover, gives the district court *subject matter* jurisdiction over "all offenses against the laws of the United States."

*Lussier*, 929 F.2d at 27 (emphasis in original).

Further, the Constitution of the United States delineates the powers delegated to Congress by the states. The power of Congress to impose a federal income tax system on citizens and residents of the United States derives from the Sixteenth Amendment. *Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir. 1981); *United States v. Updegrave*, 97-1 U.S. Tax Cas. (CCH) ¶ 50,465 (E.D. Pa. 1997). The Fourteenth Amendment controls the definition of citizenship, which states that "all persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the States wherein they reside." The Amendment therefore establishes simultaneous state and federal citizenship. *See O'Driscoll v. IRS*, 1991 WL 133417 (E.D. Pa. July 16, 1991). Claims that individuals are not citizens of the United States but solely citizens of a sovereign state

7

and not subject to federal taxation have been uniformly rejected. *See United States v. Gerads*, 999 F.2d 1255 (8th Cir. 1993); *United States v. Sileven*, 985 F.2d 962, 970 (8th Cir. 1993); *United States v. Steiner*, 963 F.2d 381 (9th Cir. 1992); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991); *United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991); *United States v. Kurger*, 923 F. 2d 587, 588 (8th Cir. 1991); *United States v. Price*, 798 F.2d 111, 113 (5th Cir. 1986).

An extension of this citizenship argument uses the IRC to show that the taxpayer is not a "person" within the meaning of the Code. Section 7701(a)(1) defines a "person" as an individual, a trust, estate, partnership, association, company, or corporation. Section 7203 imposes an obligation to file a return on "any person" required to pay taxes. Arguments that an individual is not a "person" within the meaning of the Code have been uniformly dismissed. *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986), *cert. denied*, 480 U.S. 907 (1987); *United States v. Rhodes*, 921 F. Supp 261 (M.D. Pa. 1996). A similar argument has been rejected with respect to the term "individual" in 26 U.S.C. § 7201 evasion cases. *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986).

Geddes is a United States born U.S. citizen. Although he may take issue with the language of "United States born," it is unlikely he would dispute that he was born within the physical boundaries of United States of America. In fact, at the August 19, 2021 *Faretta* hearing, Defendant told this Court, under oath, that he was born in Spokane, Washington. Defendant was also charged by an indictment voted on by a grand jury in this District for violating laws of the United States. It is without doubt, that this Court has personal and subject matter jurisdiction over the defendant. Accordingly, Defendant's motion is meritless.

VI.     **Motion for notice of Federal Rule of Evidence 404(b) evidence**

Construing Defendant's next request broadly, he seeks all F.R.E. 404(b) and impeachment evidence. Def's Mot., ¶ 9.

The defendant has no known criminal history. The government intends to introduce the fact that defendant fled to Chile as evidence of his consciousness of guilt. All other bad acts the government intends on introducing on its direct case were committed in furtherance of the charged crimes and do not constitute Rule 404b evidence. All evidence the government intends to impeach

him with, if he chooses to testify, were also acts or statements he made in connection with the charged crimes. These acts and statements are included in discovery in Defendant's possession.

### VII. Motion to compel disclosure of *Brady* material

The defendant requests all *Brady* material. Def's Mot., ¶ 11. The government is aware of its continuing *Brady* obligations. At this time, there is no known information to disclose to the defendant.

### VIII. Motion for a bill of particulars

The defendant next moves for a bill of particulars. Def's Mot., 2, ¶ 1; Aff. of Domicile, Attch. C. The defendant's numbered requests have largely been addressed above as meritless or are frivolous. For example, under paragraph 5, Defendant asks for "Any authenticated documents plaintiff might have evidencing DEFENDANT'S real character and substance whereby this Court can claim any type of jurisdiction" and paragraph 7, "Evidence that this Court is Not Admiralty, Maritime Court."

The indictment alleges five counts. ECF No. 1. The first count of Corruptly Endeavoring to Obstruct the Due Administration of the Internal Revenue Laws details seven acts in which the defendant accomplished this crime. *Id*. The second count of Tax Evasion includes fifteen affirmative acts by which the defendant committed this crime. *Id*. In each of the three counts of Filing a False Return, the text of the allegation informs the defendant what was false about each of those returns, namely that he "falsely reported gross receipts and sales for calendar year [2011, 2012, and 2013] in the amount of $0 on line 1b, whereas, as he then and there knew, [his dental practice] had gross receipts and sales" of more than $0 for the respective calendar year. *Id*. The indictment as alleged clearly informs the defendant, with sufficient particularity, of the nature and charges against him.

Moreover, each of the government's Certificates of Compliance (ECF Nos. 22, 28, 29, 30, 39, 49, 53) contain a table with descriptions of the documents disclosed and respective bates-number references.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992) (citations and internal quotation marks omitted). "A bill of particulars is not

necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Id.* at 167. "The defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case." *Id.* (emphasis original). The Tenth Circuit has thus placed parameters on a bill of particulars, holding that it cannot be used as a discovery device to obtain evidentiary details about the government's case or to compel the government's disclosure of the factual proof planned for trial. *See id.* ("It is not the function of a bill of particulars to disclose in detail the evidence upon which the government will rely at trial." (citation and internal quotation marks omitted)); *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) ("A bill of particulars may not be used to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial."); *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980) (affirming denial of motion for bill of particulars seeking specific acts personally performed and other evidentiary details).

The Tenth Circuit also rejected requests analogous to Defendant's in *United States v. Wright*, 826 F.2d 938 (10th Cir. 1987). There, the court explained that "the indictment was framed in the statutory language and was specific in each count" and thus held that the district court had properly denied the defendant's request for a bill of particulars outlining "names and addresses of victims, for specific acts personally performed in setting up bank accounts and other evidentiary details." *Id.* at 944. The court reiterated that "'it is not the function of a bill of particulars to disclose in detail the evidence upon which the government will rely at trial.'" *Id.* (internal quotation marks and citations omitted).

The indictment clearly informs the defendant the charges against him and the methods in which he violated them. It does not get more unambiguous than being charged with filing a false tax return and being told the exact conduct the government alleges was false. Not only does the indictment inform him of what and how he violated the statutes, but the organized and labeled discovery tells the defendant exactly which documents could be used to support each of the allegations. Under Circuit law, there is no basis to grant Defendant's request for a bill of particulars. Therefore, his motion should be denied.

### IX.     Motion for an Evidentiary Hearing

Defendant's motions raise no factual disputes needed to be resolved in order to decide his motions. Therefore, an evidentiary hearing is unnecessary and unwarranted.

## CONCLUSION

Based on the forgoing, the government respectfully requests this Court deny all of Defendant's motions for relief.

DATED this 26th day of August, 2021.

>ANDREA T. MARTINEZ
>ACTING UNITED STATES ATTORNEY
>
>
>/s/ *Christopher E. Lin*
>CHRISTOPHER E. LIN
>AHMED ALMUDALLAL
>Trial Attorneys
>TYLER MURRAY
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on the 26th day of August, 2021, the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS, ECF No. 50 was filed electronically to the District Court, and caused to be served to the following:

Derald Geddes (533164)
c/o Weber County Jail
PO Box 14000
Ogden, UT  84412
*<u>Via U.S. Mail (Mailed on 08/27/2021)</u>*

Gregory G. Skordas
Skordas & Caston LLC
124 S 400 E Ste 220
Salt Lake City, UT 84111
801-531-7444
Email: gskordas@schhlaw.com
*<u>Via Electronic Notification</u>*

                                               <u>/s/ *Melissa McKinnon*</u>
                                               Melissa McKinnon, Supervisory Paralegal