IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERALD WILFORD GEDDES,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 1:15-cr-93-TC<br><br>District Judge Tena Campbell |

Defendant Derald Wilford Geddes previously filed a motion to proceed pro se. (ECF No. 36.) Magistrate Judge Bennett held an initial hearing on June 24, 2021, during which he granted Dr. Geddes' motion. (ECF Nos. 42–43.) Because the Tenth Circuit has set a high bar for a court to find that a defendant has waived his right to counsel, see United States v. Hamett, 961 F.3d 1249 (10th Cir. 2020); United States v. Hansen, 929 F.3d 1238 (10th Cir. 2019), out of an abundance of caution, the court decided to revisit the issue to confirm Dr. Geddes' intent to represent himself. Having carefully considered the materials Dr. Geddes submitted in support of his motion and having heard his testimony during two additional hearings, the court agrees with the magistrate judge's order granting Dr. Geddes' motion to proceed pro se.

A criminal defendant has a Sixth Amendment right to self-representation, even though asserting this right "usually increases the likelihood of a trial outcome unfavorable to the defendant." United States v. Mackovich, 209 F.3d 1227, 1236 (10th Cir. 2000) (quoting McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984)). In Faretta v. California, the Supreme Court held that a defendant "must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own

detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" 422 U.S. 806, 834 (1975) (quoting Illinois v. Allen, 397 U.S. 337, 350–51 (1970) (Brennan, J., concurring)).

Courts analyze whether a defendant has "effectively waived his right to counsel" using a two-part test. United States v. Vann, 776 F.3d 746, 763 (10th Cir. 2015). First, the court must confirm that the defendant waived his right to counsel "voluntarily," and second, that he waived his right to counsel "knowingly and intelligently." United States v. Taylor, 113 F.3d 1136, 1140 (10th Cir. 1997). To ensure that the defendant's waiver is knowing and intelligent, the court must "conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding pro se." Vann, 776 F.3d at 763 (quoting United States v. Willie, 941 F.2d 1384, 1388 (10th Cir. 1991)). This formal inquiry most often occurs in the context of a Faretta hearing. Hansen, 929 F.3d at 1249.

If a defendant is to make a knowing and intelligent waiver of his right to counsel, he must "apprehen[d] . . . the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. at 1250 (quoting United States v. Weninger, 624 F.2d 163, 164 (10th Cir. 1980)). One of the "other facts essential to a broad understanding of the whole matter" is a defendant's willingness to adhere to court rules and procedure. Id. at 1270. These five topics, commonly called the "Von Moltke factors," are borrowed from Justice Black's plurality opinion in Von Moltke v. Gillies, 332 U.S. 708, 724 (1948). Because there is a "strong presumption against waiver," the court

2

must engage in a "penetrating and comprehensive examination of all the circumstances." Von Moltke, 332 U.S. at 723–24.

Here, the court held two Faretta hearings, one on August 19, 2021, and one on September 3, 2021. The court thoroughly examined Dr. Geddes regarding his desire to proceed pro se and his understanding of the risks inherent in doing so. Dr. Geddes told the court that he wants to proceed pro se because he wants to serve as his own spokesperson for his case. The court finds that Dr. Geddes, during both Faretta hearings and in his papers submitted to the court, clearly, unequivocally, and voluntarily asserted his intent to represent himself. The court also finds that Dr. Geddes' waiver of counsel is knowing and intelligent. He has demonstrated to the court that he is aware of the nature of the charges, the range of allowable punishments, and possible defenses. Moreover, the court fully informed Dr. Geddes of his right to counsel, the traditional benefits relinquished by choosing to proceed pro se, the various risks involved, and the requirement that he follow the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. In conducting its colloquy with Dr. Geddes, the court borrowed from the Benchbook for U.S. District Court Judges and covered all the Von Moltke factors. Hamett, 961 F.3d at 1259.

Due to his unorthodox beliefs about the tax code, it is unclear whether Dr. Geddes will abide by the rules of procedure and courtroom decorum. Nevertheless, the court acknowledges and respects Dr. Geddes' constitutional right to self-representation and will give him an opportunity to exercise that right. See McCoy v. Louisiana, 138 S. Ct. 1500, 1507–08 (2018). The court told Dr. Geddes that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Faretta, 422 U.S. at 834 n.46. The court may terminate Dr. Geddes' self-representation if he "deliberately engages in serious and obstructionist misconduct." Id.

The court has already appointed standby counsel to assist Dr. Geddes in overcoming routine procedural and evidentiary obstacles and to ensure Dr. Geddes' compliance with basic rules of courtroom protocol and procedure. (ECF No. 42.) Therefore,

**IT IS ORDERED** that Dr. Geddes may continue to represent himself pro se.

DATED this 9th day of September, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Judge