IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DERALD WILFORD GEDDES,<br><br>　　　　　　　Defendant. | **ORDER**<br><br>Case No. 1:15-cr-93-TC<br><br>District Judge Tena Campbell |

　　　　Pro se defendant Derald Wilford Geddes filed various motions (ECF Nos. 50, 60, 62, 63), which the court heard during its hearing on September 3, 2021.

　　　　In his first motion, a "Notice of Motion for Pretrial Hearing" (ECF No. 50), Dr. Geddes requests access to grand jury minutes and other discovery. He also asks the court to dismiss the indictment, suppress all unnoticed statements and illegally obtained evidence, order the United States to turn over all Brady material and Rule 404(b) evidence, and provide other miscellaneous relief. The United States filed a detailed response to Dr. Geddes' first motion (ECF No. 66). For the reasons set forth in the United States' response and given by the court during the hearing, Dr. Geddes' first motion (ECF No. 50) is DENIED.

　　　　In his second motion, a "Request for Discovery" (ECF No. 60), Dr. Geddes again asks the United States to turn over all evidence relevant to his case. The United States filed a line-by-line response (ECF No. 65) and reaffirmed to the court at the hearing that it has turned over all relevant discovery, totaling over 35,000 pages, to Dr. Geddes. The United States also recognized its continuing Brady obligations. For the reasons set forth in the United States' response, Dr. Geddes' second motion (ECF No. 60) is DENIED as moot.

In his third motion, an "Ex Parte Motion to Subpoena Witnesses" (ECF No. 62), Dr. Geddes asks the court to issue subpoenas to compel testimony from twenty-seven people. As the court stated at the hearing, most of the listed individuals are not relevant to this case. Dr. Geddes' standby counsel, Mr. Gregory Skordas, is ordered to help Dr. Geddes pare down the list and refile the motion with only relevant potential witnesses listed. For this reason, Dr. Geddes' third motion (ECF No. 62) is DENIED WITHOUT PREJUDICE.

In his fourth motion (ECF No. 63), Dr. Geddes asks the court for various reliefs. First, he asks the court to confirm that it has received his motions and to order the Weber County Correctional Facility to provide him with access to mail and the law library. The court has received Dr. Geddes' motions, but the court cannot order the jail to provide him with the help he seeks. To the extent that Mr. Skordas can provide Dr. Geddes with his requested legal information, he must do so.

Next, Dr. Geddes complains of his standby counsel's unwillingness to help him and of the prejudice he claims to have suffered because of the delays in his case. Pro se defendants do not have a constitutional right to standby counsel, see United States v. Padilla, 819 F.2d 952, 959 (10th Cir. 1987), but Mr. Skordas understands his obligations to help Dr. Geddes prepare his defense. Dr. Geddes told the court at the hearing that he wanted more time to prepare, so the court agreed to move the trial date to January 24, 2022.

Finally, Dr. Geddes requests more discovery and asks the court to issue subpoenas for six more witnesses. As stated above, the United States is aware of its continuing Brady obligations and has turned over all discovery. If Dr. Geddes seeks relevant discovery that the United States does not have, Mr. Skordas can help him obtain those documents and records. As for the six witnesses, the court directs Mr. Skordas to combine this list with the list in Dr. Geddes' third

motion (ECF No. 62), help Dr. Geddes pare down the list, and refile a combined motion with only relevant potential witnesses listed. Dr. Geddes' fourth motion (ECF No. 63) is DENIED. His request for subpoenas is DENIED WITHOUT PREJUDICE.

In sum, the court orders as follows:

1. Dr. Geddes' first motion (ECF No. 50) is DENIED.

2. Dr. Geddes' second motion (ECF No. 60) is DENIED.

3. Dr. Geddes' third motion (ECF No. 62) is DENIED WITHOUT PREJUDICE.

4. Dr. Geddes' fourth motion (ECF No. 63) is DENIED, except that his request for subpoenas is DENIED WITHOUT PREJUDICE.

5. The October 18, 2021 trial date is stricken. The trial will now begin on January 24, 2022. The court will hold a final pretrial conference on January 6, 2022, at 10:00 AM.

6. The trial order (ECF No. 70) is vacated.

7. The United States' fifth motion to continue (ECF No. 46) is DENIED. No later than fourteen days from the date of this order, the United States is to file an updated motion to continue under the Speedy Trial Act.

DATED this 9th day of September, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Judge

3