IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DERALD WILFORD GEDDES, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:15-cr-00093-TC-CMR <br><br> District Judge Tena Campbell <br> Magistrate Judge Cecilia M. Romero |

Pro se defendant Derald Wilford Geddes has filed four motions ahead of his March 14, 2022 criminal jury trial.[1] His first motion in limine asks the court and the government to "respect" his right to contest the indictment without admitting that he is under the court's jurisdiction or subject to the United States Code. (ECF No. 141.) This request is meritless, as the court has already found that it has jurisdiction over Mr. Geddes and that he is subject to the laws of the United States. (Order at 5, ECF No. 120.)

At the end of his first motion and in a second motion in limine, Mr. Geddes asks the court to prohibit the government from calling him an "individual," "taxpayer," "resident," "person liable," "protestor," "fanatic," "sovereign citizen," or other "prejudicial" terms. He also repeats his oft-cited request to be called "Derald Wilford" instead of "Dr. Geddes" or "Mr. Geddes." (ECF Nos. 141 & 142.)

The court told Mr. Geddes at the March 10, 2022 final pretrial conference that it will call him "Mr. Geddes," and the government stated that it would try to do the same. The court will

---

[1] Mr. Geddes also moved for this court and for Magistrate Judge Cecilia M. Romero to recuse from this case. (ECF Nos. 146 & 147.) The court denied these motions at the March 10, 2022 final pretrial conference. (See ECF No. 151.)

not allow the government to directly call Mr. Geddes a "tax protestor," "sovereign citizen," or "fanatic"—these labels are far more prejudicial than probative. Fed. R. Evid. 403. However, the court may allow the government to elicit testimony about Mr. Geddes's beliefs (to prove willfulness or to negate good faith). But before it starts a line of questioning about those beliefs, the government must notify the court so that the court can decide whether to allow the questioning. The court ultimately reserves judgment on this issue until it presents itself at trial.

Mr. Geddes's comments about being labeled an "individual," "taxpayer," "resident," or "person liable" are also baseless. As the government points out, it must prove that Mr. Geddes is subject to the tax laws and that he was "liable" for taxes. To preclude the government from using those labels would be to preclude it from making its case. The court will not do this.

Mr. Geddes again moves to dismiss the charges against him. (ECF No. 143.) Some of his arguments, like those about jurisdiction, were already rejected in a prior order. (ECF No. 120.) He argues that under 28 U.S.C. § 2201, the court can and should declare that he is a "non-taxpayer." Section 2201, the Declaratory Judgment Act, prohibits courts from doing this. Id. (exempting from the Declaratory Judgment Act's scope any controversy "with respect to Federal taxes"); Wyo. Trucking Ass'n v. Bentsen, 82 F.3d 930, 933 (10th Cir. 1996). And Internal Revenue Code § 7428, referenced in § 2201 and cited by Mr. Geddes, only allows "the United States Tax Court, the United States Court of Federal Claims, or the district court of the United States for the District of Columbia" to make a determination-based declaration. I.R.C. § 7428(a). This court is not listed there. Finding no basis to dismiss the charges against Mr. Geddes, the court DENIES his motion.

Mr. Geddes finally requests that the government stipulate to thirty matters, including that the court lacks jurisdiction over him, that he is not a U.S. citizen, and that the government

committed misconduct during its investigation. (ECF No. 144.) The government declined to stipulate to these things. (ECF No. 137.) Mr. Geddes moved to "admit[]" these matters as facts. The court denies this request, as it has already addressed most of these topics in its November 1, 2021 order. (ECF No. 85.) See also Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011).

## CONCLUSION

The court GRANTS IN PART and DENIES IN PART Mr. Geddes's motions in limine. (ECF Nos. 141 & 142.) The government may not directly call Mr. Geddes a "tax protestor," "sovereign citizen," or "fanatic," but it may use the terms "individual," "taxpayer," "resident," and "person liable" if necessary. If the government wants to inquire about potential tax-protestor beliefs, it must first ask the court for permission. The court DENIES Mr. Geddes's motion to dismiss. (ECF No. 143.) And it DENIES his request for stipulations and admissions. (ECF No. 144.)

DATED this 11th day of March, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge