IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DERALD WILFORD GEDDES,<br><br>Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:15-cr-93-TC-CMR |

In this criminal prosecution, the United States has charged Defendant Derald Wilford Geddes with five counts of violating the federal tax laws.  Mr. Geddes is representing himself, but has standby counsel.

In preparation for the March 14, 2022 trial, the United States filed motions in limine ("Motion," ECF No. 122), in which it anticipates evidentiary issues related to Mr. Geddes' pro se status and his legal theories.  For the reasons set forth below, the court grants the Motion in part and defers a decision on the remainder of the Motion until the presentation of evidence.

**Interpretation of the Law**

Throughout these proceedings, Mr. Geddes has espoused legal positions akin to those raised by so-called "tax protesters," "sovereign citizens," and the like.  Based on the content of Mr. Geddes' filings with this court and his statements during hearings, the Government seeks exclusion of evidence, witness examination, and argument related to "defenses typical of tax

1

defier/protestor ideology." (Mot. at 3.) According to the Government, Mr. Geddes' "communications with the IRS during the audit process and his filings in this case are replete with arguments about the law all in an effort to perpetuate his obstructive scheme." (Id. at 4.) To ensure a fair trial, the Government asks the court to bar Mr. Geddes from presenting evidence of what the law is or should be, and from arguing incorrect interpretations of the law.

It is well established that the court instructs the jury as to the rules of law and that the jury applies the facts to the law. United States v. Grismore, 546 F.2d 844, 849 (10th Cir. 1976).

> [T]he law is given to the jury by the court and not introduced as evidence.... Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be. The law is the singular province of the judge. Juries only decide facts, to which they apply the law given to them by the judge. They may not decide what the law is and should not be given the opportunity to do so.

United States v. Willie, 941 F.2d 1384, 1396 (10th Cir. 1991) (quotations and internal citations omitted).

The court must avoid jury confusion and adhere to the rule that the court alone educates the jury about the applicable law. Accordingly, the court prohibits (1) evidence or argument that the United States Constitution or federal laws, including the federal tax laws, are invalid, unconstitutional, or mean something other than what this court will instruct; and (2) evidence or argument about alternate interpretations of the federal laws or regulations.

As for documents drafted by Mr. Geddes that contain his views of the law or incorrect statements of the law, the Government asks the court to give the jury a limiting instruction that they are not to consider those portions of the documents as statements of the law. The Government also asks that the court refrain from redacting the "rhetoric" in Mr. Geddes' documents (which the Government intends to use to establish mens rea) because "redactions could invite the jurors to speculate or play into Geddes' claim that the government is hiding the

true nature of the law." (Mot. at 4.) And, along similar lines, the Government asks for an order precluding Mr. Geddes from referring to those documents for the purpose of highlighting incorrect interpretations of the law or other inappropriate arguments.

Given the principles underlying the Government's request, the court agrees to the request for a limiting instruction in lieu of redactions. The court further prohibits use of those documents to educate the jury about the law as it is or should be.

The court recognizes that Mr. Geddes must be allowed to present evidence and argument to negate the Government's evidence of willfulness or other mens rea. Accordingly, if Mr. Geddes testifies, the court will consider his proffer of evidence containing misstatements of the law in light of the principles set forth in United States v. Cheek, 498 U.S. 192 (1991), and related case law.

**Lay Witness Testimony**

The Government expresses concern that Mr. Geddes will attempt to elicit improper testimony from lay witnesses on the subject of willfulness. As it notes, "[t]he relevance of this evidence will depend on how probative it is of the defendant's state of mind." (Mot. at 6.) The court defers any ruling on the issue until it arises during trial.

**Documents Created By Defendant**

Anticipating that Mr. Geddes may offer into evidence materials he created or statements he drafted to support his ideological views, the Government asks the court to prohibit their admission as "self-serving hearsay." Just as the court does for the issue concerning lay witness testimony, the court defers a ruling on this matter.

**Pro Se Representation**

1. Role of Standby Counsel

The Government asks the court to limit the role of Mr. Geddes' standby counsel, Greg Skordas, during trial. Typically, standby counsel provides behind-the-scenes technical assistance to the defendant, who must understand and comply with courtroom protocol and procedural rules. A court does have discretion to extend standby counsel's role by allowing "hybrid" representation, where standby counsel participates in the defense by addressing the court and jury in some limited fashion (such as presenting opening or closing arguments, questioning witnesses, objecting to questions, conducting voir dire). McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Hill, 526 F.2d 1019, 1024 (10th Cir. 1975). But such representation is not a constitutional right. McKaskle, 465 U.S. at 183; Hill, 526 F.2d at 1024 (10th Cir. 1975). As the court noted during the court's March 10, 2022 final pretrial conference, the court has decided to prohibit hybrid representation in this case.

2. Testimony of Defendant

If Mr. Geddes decides to testify, the court will require him to proceed by using a question-and-answer format.

3. Reference to Punishment and Custody Status

The Government has asked the court to prohibit Mr. Geddes from commenting on, referring to, or eliciting testimony about potential penalties or punishment he faces if convicted. The court agrees that those topics are not relevant or proper during trial proceedings. "It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" Shannon v. United States, 512 U.S. 573, 579 (1994) (quoting Rogers v. United States, 422 U.S. 35, 40 (1975)). "[J]urors are not to

be informed of the consequences of their verdicts." Id. at 578.  Just as that rule applies to the Government, it applies to Mr. Geddes.

The Government also requests that the court prohibit Mr. Geddes from commenting on his detainment status.  The court grants that request, for the court does not see how such information would be relevant.

   4. Continuance of Pro Se Representation

As indicated during the court's Faretta[1] proceedings, Mr. Geddes must abide by the rules of procedure and law in order to continue his pro se status.  "The right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law." United States v. Faretta, 422 U.S. 806, 834 n.46 (1975).  The court may "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." Id.  If Mr. Geddes goes outside the boundaries of his pro se representation, the court will order Mr. Skordas to take over the defense for the remainder of trial.

**Rule 1006 Summary Charts**

The Government, in its Motion, provided notice to the defense that it intends to offer summary charts under Federal Rule of Evidence 1006.  It also articulates the basis for admission.  To the extent the Government seeks a ruling on admissibility, the court will rule on the issue when the Government offers the evidence at trial.

---

[1] See United States v. Faretta, 422 U.S. 806, 834–35 (1975) (recognizing criminal defendant's constitutional right, under certain circumstances, to represent himself); Indiana v. Edwards, 554 U.S. 164, 178–79 (2008) (noting that a defendant who seeks to represent himself must be "mentally competent to do so"); United States v. Hamett, 961 F.3d 1249, 1255 (10th Cir. 2020) (a criminal defendant has the right to represent himself if the court finds the defendant voluntarily waived his right to counsel and did so knowingly and intelligently).

**ORDER**

For the foregoing reasons, the court grants the Government's Motions in Limine (ECF No. 122) in part, as described above, and reserves a ruling on the remainder of the Motion.

DATED this 11th day of March, 2022.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge