IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DERALD WILFORD GEDDES,<br><br>Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:15-cr-93-TC |

Defendant Derald Wilford Geddes has filed a pro se motion under Federal Rule of

Criminal Procedure 35(b), in which he seeks reduction of his sentence to time served.  (See

Notice of Mot. to Reduce Sentence, ECF No. 186; Mem. in Support of Sentence of Time Served,

ECF No. 187; Mot. for Evid. Hr'g, ECF No. 185.)  For the reasons set forth below, the court

denies his motion because the court lacks jurisdiction to decide the matter.

On March 17, 2022, a jury convicted Mr. Geddes of five tax crimes, and on June 3, 2022,

the court sentenced him to 60 months of incarceration (with credit for time served in federal

custody), followed by 36 months of supervised release.  The court also ordered Mr. Geddes to

pay $1,811,347 in restitution.

Mr. Geddes appealed the judgment on June 10, 2022, to the Tenth Circuit Court of

Appeals.  (See Notice of Appeal, ECF No. 188.)  On the same day, he filed the motion now

before the court.  He articulates a wide variety of concerns in his request for relief (many of

which will no doubt be part of his appeal to the Tenth Circuit), challenges the amount of restitution, and ultimately asks the court to reduce his five-year sentence to "time served and/or probation." (Mem. in Support of Sentence of Time Served at 1, ECF No. 187.)

The court cannot grant the relief he seeks. To begin, his notice of appeal divested this court of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

Moreover, even if the notice of appeal did not affect this court's jurisdiction to address sentence modification, the court does not have authority to grant the motion. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). In other words, "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).

Congress has given the court authority to modify a sentence in very limited circumstances, including, in relevant part, the following: (1) upon motion by the Bureau of Prisons (BOP) or the defendant[1] under 18 U.S.C. § 3582(c)(1)(A), in which the movant must show either "extraordinary and compelling reasons" or that the defendant is at least 70 years of age, has served at least 30 years in prison, and the BOP determines he no longer poses a danger;

---

[1] If the defendant files a motion on his own behalf, he must demonstrate that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

(2) "to the extent otherwise <u>expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure</u>"; or (3) when the United States Sentencing Commission has subsequently lowered the applicable sentencing guideline range.  18 U.S.C. § 3582(c) (emphasis added).

Mr. Geddes relies on Rule 35(b), titled "Reducing a Sentence for Substantial Assistance." Subsection (b) applies "upon the government's motion made within one year of sentencing" and when the defendant has provided "substantial assistance in investigating or prosecuting another person."

As the express wording of Rule 35(b) makes clear, Mr. Geddes' reliance on the rule is misplaced.  "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence."  <u>Blackwell</u>, 81 F.3d at 948.  Here, the Government has not moved for a reduction of Mr. Geddes' sentence (nor does anything in Mr. Geddes' motion suggest he has provided substantial assistance to the Government).  Without such a motion, this court does not have authority to grant the relief Mr. Geddes seeks.  Because "Rule 35's requirements are jurisdictional," <u>United States v. Baker</u>, 769 F.3d 1196, 1198 (10th Cir. 2014), the court denies Mr. Geddes' motion to reduce his sentence (ECF No. 186) and his accompanying motion for evidentiary hearing (ECF No. 185).[2]

DATED this 6th day of September, 2022.

> BY THE COURT:
>
> *Tena Campbell*
> TENA CAMPBELL
> U.S. District Court Judge

---

[2] Additionally, nothing in Mr. Geddes' papers suggests that the other limited bases for sentence reduction in Rule 35 and 18 U.S.C. § 3582 apply.