IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DERALD WILFORD GEDDES,<br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUBPOENA AND DISMISSING MOTION TO VACATE**<br>Case No. 1:15-cr-00093-TC<br>Judge Tena Campbell |

On May 17, 2022, a jury convicted Defendant Derald Wilford Geddes of one count of tax obstruction in violation of 26 U.S.C. § 7212(a), one count of tax evasion in violation of 26 U.S.C. § 7201, and three counts of willfully filing false tax returns in violation of 26 U.S.C. § 7206(1). (See Jury Verdict, ECF No. 164.) On June 3, 2022, the court sentenced Mr. Geddes to 60 months in the custody of the Bureau of Prisons. (See Judgment, ECF No. 183.) The Tenth Circuit upheld that sentence. See United States v. Geddes, No. 22-4053 (10th Cir. June 23, 2023). Mr. Geddes later filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 1 in Case No. 1:23-cv-91.) The court denied that motion and declined to issue a certificate of appealability (COA). (See Order, Feb. 29, 2024, ECF No. 2 in Case No. 1:23-cv-91.) Mr. Geddes did not seek a COA from the Tenth Circuit.

On October 29, 2024, Mr. Geddes filed a motion asking the court to provide certain records, including trial transcripts, related to his criminal case. (ECF No. 246.) The court denied that request. (Order, Nov. 26, 2024, ECF No. 248.) The Tenth Circuit affirmed the court's order, stating:

> As the district court noted, Mr. Geddes has exhausted his direct appeal and postconviction remedies. Further, he has never asked this court for permission to file a second or successive § 2255 motion. Thus, there is no apparent purpose or legal basis for providing those records to Mr. Geddes.

United States v. Geddes, No. 24-4121 (10th Cir. Sept. 10, 2025).

Undaunted, Mr. Geddes has now filed a motion asking the court to issue a subpoena directing the court reporter to provide the audio recordings used to create the certified trial transcript.[1] (ECF No. 261.) The court denies that motion. As both this court and the Tenth Circuit have previously ruled, Mr. Geddes has not demonstrated that he is entitled to any further documents or materials related to his criminal case.

Mr. Geddes also moves the court to vacate the judgment in his criminal case. (ECF No. 264.)[2] He argues that the judgment should be vacated for fraud on the court under Rule 60(d)(3) of the Federal Rules of Civil Procedure. (Id. at 1.) He insists that the motion is not a successive § 2255 motion (see id. at 5), but the court is not persuaded. The Tenth Circuit has been clear that labeling a motion as a Rule 60(d)(3) motion "does not change the analysis we use to determine if [a] pleading is an unauthorized second-or-successive § 2255 motion." United States v. Baker, 718 F.3d 1204, 1207 (10th Cir. 2013). Instead, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). Here, Mr. Geddes argues that his conviction should be vacated because the indictment against him was defective, the court's rulings related to

---

[1] The full trial transcript, as well as transcripts from various pretrial conferences, are available on the docket. (ECF Nos. 213–31.)

[2] Mr. Geddes moves the court to amend his motion (ECF No. 263), as the original version of his motion to vacate, which the court docketed as ECF No. 258, did not reference his previous § 2255 motion. The court has filed the updated version of his motion to vacate as ECF No. 264, and the exhibits to that motion remain available as attachments to ECF No. 258. The motion to amend is therefore moot.

his standby counsel violated his rights, and the court fabricated the trial transcript. These arguments all fall squarely within the domain of a § 2255 motion. Indeed, the Tenth Circuit has specifically considered fraud-on-the-court claims and held that "a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction." Baker, 718 F.3d at 1207 (citing Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006)).

Accordingly, the court dismisses Mr. Geddes's motion to vacate for lack of jurisdiction. See Nelson, 465 F.3d at 1148 ("[I]f the [movant's] pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").[3] The Tenth Circuit must certify his motion before the district court may consider it. See 28 U.S.C. § 2255(h).

Finally, Mr. Geddes has filed a motion for the recusal of the presiding judge. (ECF No. 260.) But as explained above, the court has no jurisdiction to consider Mr. Geddes's motion to vacate, and Mr. Geddes has not demonstrated that he is entitled to additional documents related to his criminal trial. Even if the court had jurisdiction to consider Mr. Geddes's arguments, it is common for the court to hear challenges to its rulings. There is no requirement that a judge recuse in these circumstances. See 28 U.S.C. § 455(a).

[3] Perhaps seeing the writing on the wall, Mr. Geddes insists that the court may not characterize his Rule 60(d)(3) motion as a § 2255 motion without first providing him with notice and an opportunity to withdraw or amend the filing. (ECF No. 263 at 3.) But he cites only out-of-circuit cases for this proposition, and only cases dealing with defendants who had not previously filed a § 2255 motion. The court's recharacterization of Mr. Geddes's motion as a successive § 2255 motion has no effect other than the dismissal of that motion for lack of jurisdiction.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The court has docketed an updated version of Mr. Geddes's Motion to Vacate. (ECF No. 264.) The court therefore directs the Clerk of Court to terminate as moot the previous version of the motion (ECF No. 258) and Mr. Geddes's Motion to Amend (ECF No. 263).

2. The Motion for Issuance of Subpoena (ECF No. 261) is DENIED.

3. The Motion for Recusal of Presiding Judge (ECF No. 260) is DENIED.

4. The Motion to Vacate (ECF No. 264) is DISMISSED for lack of jurisdiction as a second or successive § 2255 motion.

DATED this 3rd day of September, 2026.

BY THE COURT:

Tena Campbell
United States District Judge